UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division – In Admiralty

| | |
|---|---|
| **PHOENIX INTERNATIONAL HOLDINGS, INC.**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GREAT EASTERN GROUP, INC.** )<br>)<br>Defendant. )<br>_____) | Civil Action 2:24-cv-207 |

## MOTION FOR ENTRY OF CLERK'S DEFAULT

Plaintiff, Phoenix International Holdings, Inc., hereby moves for entry of default by the Clerk under Rule 55(a) of the Federal Rules of Civil Procedure against Defendant Great Eastern Group, Inc. ("Great Eastern"). In support of this motion, Plaintiff states as follows:

1. On March 28, 2024, Phoenix filed its Complaint against Great Eastern for Breach of Contract, or, in the alternative, Claim of Account Stated, or, in the alternative, Unjust Enrichment.

2. The Registered Agent for Great Eastern in Virginia was unable to be served because the Registered Agent's address is a private mail box at a UPS store. *See* Affidavit of Non-Service (Doc. 5). The State Corporation Commission ("SCC") was served as the statutory agent, pursuant to Va. Code § 13.1-766B. The SCC served Great Eastern by mail in accordance with Va. Code §12.1-19.1 on April 12, 2024, and the Certificate of Compliance filed with the court April 15, 2024. *See* SCC Certificate of Compliance (Doc. 9).

3. The SCC served Great Eastern by mailing a service packet to the last known mailing address of the Defendant and the Registered Agent's address, in compliance with Va.

1

Code Ann. §12.1-19.1. *See* SCC Certificate of Compliance (Doc. 9).

4. The Certificate of Compliance filed with the Court (Doc. 9) states that the SCC mailed one service package, which was to the last known address of Defendant. However, undersigned counsel sent two service packages to the SCC. *See* Letter to SCC 4/10/24, attached as **Exhibit A**. Counsel contacted the SCC on May 15, 2024. An SCC employee confirmed via email to undersigned counsel's office that the SCC sent both certificate of compliance packages to the Court on the same day, and he provided us with a copy of the second certificate of compliance. *See* Email from SCC, attached as **Exhibit B**; Second Certificate of Compliance, attached hereto as **Exhibit C**.

5. The deadline for receipt of an answer or other response to the Complaint has expired, and nothing has been submitted by Great Eastern.

6. Therefore, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, an entry of Default by the Clerk is appropriate. A proposed entry of default is attached as **Exhibit D**.

WHEREFORE, Plaintiff respectfully requests an entry of default by the Clerk as to all claims asserted against Defendant, Great Eastern Group, Inc., for failure to answer or otherwise respond to the Complaint within the time period provided by the Federal Rules of Civil Procedure.

Respectfully submitted: May 29, 2024

                                  **PHOENIX INTERNATIONAL HOLDINGS, INC.,**

                                  By: __/s/ Marissa M. Henderson__
                                  David N. Ventker (VSB No. 29983)
                                  Marissa Henderson (VSB No. 44156)
                                  VENTKER HENDERSON STANCLIFF, PLLC

        256 West Freemason Street
        Norfolk, VA 23510
        Telephone: (757) 625-1192
        Facsimile : (757) 625-1475
        dventker@ventkerlaw.com
        mhenderson@ventkerlaw.com

        *Attorneys for Plaintiff*
        *Phoenix International Holdings, Inc.*

<u>OF COUNSEL</u>
Christopher M. Collins, Esquire
Virginia Bar #28770
VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street, Suite 400
Manassas, Virginia 20110
Telephone (703) 369-4738
Facsimile (703) 369-3653
ccollins@vfnlaw.com